IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**June 27, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**FRANK MAYER,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-462**          (JCN: 2023021874)

**CITY OF CLARKSBURG,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Frank Mayer appeals the October 30, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent City of Clarksburg ("Clarksburg") filed a response.[1] Mr. Mayer did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied authorization for a right reverse total shoulder arthroplasty.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 24, 2023, while employed by Clarksburg, Mr. Mayer was mowing when he slipped and fell, landing with his leg bent underneath him. Mr. Mayer was seen at the United Hospital Center Emergency Room on the date of the injury, with a chief complaint of left knee pain and right shoulder pain. The assessment was a patella fracture and right shoulder strain. Mr. Mayer filed an Employees' and Physicians' Report of Occupational Injury dated May 24, 2023, indicating that he suffered an injury to his right shoulder and left leg when he was cutting grass on a hillside, and he fell when the bank gave way. The physician's portion was signed at United Hospital Center and notes an occupational injury to the right shoulder and left knee.

On May 26, 2023, Mr. Mayer was seen by William Dahl, M.D., who assessed a rupture of the left quadricep, a closed fracture of the left patella, and an injury of the right shoulder. Dr. Dahl opined that Mr. Mayer would benefit from surgical fixation of the left

---

[1] Mr. Mayer is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. Clarksburg is represented by James W. Heslep, Esq.

quadriceps rupture. The claim administrator issued an order dated May 31, 2023, holding the claim compensable for a strain of muscle, fascia, and tendon involving the right shoulder and upper arm; a strain of the left quadriceps; and a closed fracture of the left patella.

Mr. Mayer was seen by Joshua Sykes, M.D., on November 27, 2023, for a follow up subsequent to a left quadriceps repair performed on June 1, 2023. Mr. Mayer reported a constant sharp, burning, and throbbing pain that he rated 5/10, and is worse with activity; that he had numbness and tingling when sitting; that his knee continued to swell; and that he was progressing with physical therapy. On December 28, 2023, Mr. Mayer underwent a CT of his right shoulder, which had the impression of severe acromioclavicular and mild glenohumeral osteoarthritis, retracted tears of the supraspinatus and infraspinatus tendons, a suspected full thickness tear of the superior bundle of the subscapularis, and suspected extensive degenerative labral tearing. On January 23, 2024, Dr. Sykes assessed Mr. Mayer with status post tendon repair, rupture of left quadriceps, and right rotator cuff tear. Dr. Sykes noted that Mr. Mayer has had a work-related shoulder tear for over twenty years that had progressed from his previous MRI.

On February 7, 2024, Mr. Mayer was evaluated by Kelly Agnew, M.D. Dr. Agnew noted that Mr. Mayer has a large retracted, irreparable right rotator cuff tear, that was documented in 2003, and that this tear was never repaired. Dr. Agnew opined that there was nothing on the recent CT scan with arthrogram of the right shoulder to suggest an acute injury and that all the changes were chronic. Dr. Agnew further opined that there was no evidence of a lingering strain and that the findings were expected from the chronic rotator cuff disruption. Dr. Agnew found that Mr. Mayer had reached maximum medical improvement from the shoulder and upper arm portion of his injury. Dr. Agnew noted that Mr. Mayer had been offered total shoulder arthroplasty by Dr. Sykes, and he opined that any such treatment would be for the underlying chronic pathology that dates back to 2003; and that arthroplasty could not possibly be ascribed to any identifiable injury involving the right shoulder from May 24, 2023.

Mr. Mayer followed up with Dr. Sykes on February 19, 2024, and Dr. Sykes again noted that a right reverse total shoulder arthroplasty would be the best option for treatment of Mr. Mayer's shoulder. On March 11, 2024, Mr. Mayer was seen by Dr. Sykes for a preoperative visit prior to right reverse shoulder arthroplasty. Dr. Sykes opined that Mr. Mayer's rotator cuff tear was not repairable due to the chronic nature and size of the tear with massive retraction, and he noted that a large portion of the tear had been present since 2003.

The claim administrator issued an order dated April 23, 2024, denying the request for a right reverse total shoulder arthroplasty based on the findings of the Encova Select Grievance Board. Mr. Mayer protested this order. Mr. Mayer was deposed on August 5,

2

2024. He testified that on May 24, 2023, he was cutting grass on a hillside when the bank gave way, and he fell, rolling backward and landing in a creek and injuring his left knee and right shoulder. Mr. Mayer stated that he was told by Dr. Sykes he would need a complete reverse shoulder replacement. Mr. Mayer testified that he had right shoulder problems in the 1990s that required physical therapy. Mr. Meyer further testified that prior to his fall on May 24, 2023, he was not having any difficulties with his right shoulder.

On October 30, 2024, the Board affirmed the claim administrator's order denying authorization for a right reverse total shoulder arthroplasty. The Board found that the requested surgery was not medically related and reasonably required medical treatment for the compensable injury. Mr. Mayer now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Mr. Mayer argues that the existence of a prior shoulder injury should not preclude him from receiving treatment for his compensable injury. Mr. Mayer further argues that because he had no recent shoulder symptoms or treatment prior to his compensable injury, and he was working full duty with no restrictions, it then follows that his symptoms should be attributed to the compensable injury.

Here, the Board determined that the requested right reverse total shoulder arthroplasty is not medically related and reasonably required medical treatment for the

3

compensable injury. The Board noted that the medical evidence establishes that Mr. Mayer had a preexisting irreversible right rotator cuff tear first documented in 2003.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Mayer failed to establish that a right reverse total shoulder arthroplasty was medically related and reasonably required for treatment of the compensable right shoulder strain. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order denying authorization for a right reverse total shoulder arthroplasty.

Accordingly, we affirm the Board's October 30, 2024, order.

Affirmed.

**ISSUED:** June 27, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White